# The Vigilante Law Firm, P.C.
By: Allan E. Richardson, Esq., 022411991
99 N. Main St.
Mullica Hill, NJ 08062
856-223-9990
Fax: 856-494-1400
Counsel for Plaintiff Jaron Harris

| | |
|---|---|
| JARON HARRIS<br>Plaintiff<br><br>V<br><br>CLEAN HARBORS ENVIRONMENTAL SERVICES, INC, ADAM MASTRACCHIO, John Does 1-5<br>Defendants | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY<br>Camden<br><br>CIVIL ACTION<br><br>COMPLAINT<br>Jury Trial Demanded |

## Introduction

This matter is brought on behalf of Jaron Harris, a former employee of Defendant Clean Harbors Environmental Services, Inc., (Clean Harbors) pursuant to 29 U.S.C. § 201, et seq. for violations of the overtime and anti-retaliation provisions of the Fair Labor Standards Act and for violations of the Conscientious Employee Protection Act, N.J.S.A. 34:19-1 et seq..

## Parties

1. Plaintiff Jaron Harris is a resident and citizen of the State of Delaware with a residence at 4 Hawkesbury Court, Newark, Delaware.

2. Defendant Clean Harbors is a Massachusetts corporation with headquarters at 42 Longwater Drive, Norwell, Massachusetts, and with operations throughout the

United States and overseas, including a facility at 2858 US-322, Logan Township, NJ 08085, where plaintiff was employed.

3. Defendant Adam Mastracchio, who on information and belief is a resident of New Jersey, is the field service general manager responsible for operations at the Bridgeport facility and was the ultimate authority over Plaintiff and similarly situated employees.

4. John Does 1-5 are individuals or corporate entities whose identities are not known and who participated and/or ratified and/or acquiesced to the wrongs committed against Plaintiff by named defendants.

**Jurisdiction and Venue**

5. Federal jurisdiction is proper pursuant to 28 U.S.C.A. § 1331 as it is founded on a federal question, the Fair Labor Standards Act, 29 U.S.C.A. 201 et seq.

6. Venue in United States District Court for the District of New Jersey, Camden, is proper pursuant to 28 U.S.C.A. § 1391 because Clean Harbors operates in this district and the violations of the FLSA took place throughout the southern New Jersey counties that lie within the Camden vicinage.

7. This Court has jurisdiction over the related state claim by virtue of 28 U.S.C.A. § 1367.

**Facts**

8. At all relevant times, Clean Harbors' gross annual sales made or business done has exceeded $500,00.00 per year.

**Complaint, Harris v Clean Harbors Environmental Services, Inc., et al.** 2

9. At all relevant times, Clean Harbors has been an employer as defined by the Fair Labor Standards Act, 29 U.S.C.A. § 203(d).

10. At all relevant times, Clean Harbors has been engaged in interstate commerce and/or the production of goods for commerce, within the meaning of 29 U.S.C.A. § 203(b).

11. Plaintiff was an employee of Clean Harbors as defined in 29 U.S.C.A. § 203(e).

12. Plaintiff began working for Defendant Clean Harbors in May of 2015.

13. Clean Harbors provides, among others, environmental services, including emergency responses to chemical, biological or other hazardous issues.

14. Plaintiff holds a commercial drivers license and was employed by Clean Harbors as a driver/operator of heavy equipment.

15. Defendant Clean Harbors requires employees such as Plaintiff to be on call every other week to respond to emergencies as they arose.

16. Defendant Clean Harbors organized its workforce into two teams, Team A and Team B.

17. Team A was required to be on call from 5 p.m. Friday to 5 p.m. the next Friday and included weekends, for a one-week period, after which Team B would be on call for an identical period.

18. The on-call time was in addition to the normal workweek of 40+ hours.

19. As a result, Plaintiff would be on call 26 weeks per year, except for approved vacations.

20. Employees on call were required to respond to any phone call from the company within 15 minutes.

21. Employees on call were required to report to the Bridgeport facility within one hour of receiving the call.

22. Employees on call were required to be fit for duty, that is, they could consume no alcohol or any over-the-counter or prescription drug that could impair them.

23. Employees on call were required to be in company uniform when they arrived at the Bridgeport facility.

24. Plaintiff was not paid for on-call time.

25. Plaintiff was not paid for travel time to and from the Bridgeport facility when responding to a call.

26. Plaintiff was only compensated for time worked once he arrived at the Bridgeport facility.

27. On occasions, Plaintiff was required to be on standby on weeks when his team was not on call and was required to respond to emergencies under the same rules.

28. On other occasions while on call, Plaintiff responded to calls that were cancelled while he was in transit to the Bridgeport facility or after he had had arrived and was not paid for such work.

29. Plaintiff's residence was a 30- to 40-minute drive from the Bridgeport facility.

30. As a result of the Clean Harbors on-call regimen, Plaintiff was severely restricted in his normal activities during on-call weeks.

**Complaint, Harris v Clean Harbors Environmental Services, Inc., et al.** 4

    a. Plaintiff could not attend school and amusement functions with his children.

    b. Plaintiff could not engaged in recreational activities such as fishing, basketball or football.

    c. Plaintiff could not attend social events.

    d. Plaintiff could not attend family functions.

31. Failure to follow the requirements for responses set by Defendant could and did result in sanctions, up to and including termination.

32. During the first part of July, 2017, Plaintiff complained that the failure of Clean Harbors to pay for on-call time was unlawful during a conversation with Foreman Bobby Muniz and Field Service Coordinator Robert Casmer.

33. Thereafter, Defendant Mastracchio conducted at least three meetings with the rank and file concerning Plaintiff's complaint about no receiving pay for on-call time. Plaintiff attended two of these meetings. During at least one of these meetings, Defendant Mastracchio threatened to fire workers who demanded pay for on-call time.

34. On August 6, 2017, Clean Harbors, in the person of Defendant Mastracchio, suspended Plaintiff, purportedly for not returning a call within 15 minutes.

35. On August 11, 2017, Clean Harbors, in the person of Defendant Mastracchio, terminated Plaintiff.

**Count 1 - FLSA**

36. Plaintiff repeats the preceding paragraphs as though set forth in full.

**Complaint, Harris v Clean Harbors Environmental Services, Inc., et al.** 5

37. By failing to pay Plaintiff for on-call time, Clean Harbors and Defendant Mastracchio violated 29 U.S.C.A. § 207(d) and the provisions of 29 CFR § 553.221.

WHEREFORE, plaintiff demands judgment against the defendants, jointly, severally and in the alternative, together with back pay, front pay, liquidated damages, reinstatement, attorneys fees, interest, costs of suit and any other relief the Court deems equitable and just.

### Count 2 - FLSA

38. Plaintiff repeats the preceding paragraphs as though set forth in full.

39. By discharging Plaintiff after he complained about Clean Harbors' failure to pay overtime for on-call time, Clean Harbors and Defendant Mastracchio violated the anti-retaliation provisions of the Fair Labor Standards Act, 29 U.S.C.A. § 215(a)(3).

WHEREFORE, plaintiff demands judgment against the defendants, jointly, severally and in the alternative, together with back pay, front pay, liquidated damages, reinstatement, attorneys fees, interest, costs of suit and any other relief the Court deems equitable and just.

### Count 3 - CEPA

40. Plaintiff repeats the preceding paragraphs as though set forth in full.

41. Plaintiff performed a whistleblowing activity as defined by N.J.S.A. 34:19-1 et seq., in that he complained about a violation by Clean Harbors of a law, rule, regulation promulgated according to law, or a clear mandate of public policy.

42. Specifically, Plaintiff complained that Clean Harbors violated the overtime provisions of the Fair Labor Standards Act.

43. Clean Harbors and Defendant Mastracchio terminated Plaintiff because he performed a whistleblowing activity when he complained about the failure of Clean Harbors to honor the overtime provisions of the Fair Labor Standards Act.

44. By terminating Plaintiff, Clean Harbors and Defendant Mastracchio violated the anti-retaliation provisions of N.J.S.A. 34:19-1 et seq.

WHEREFORE, plaintiff demands judgment against the defendants, jointly, severally and in the alternative, together with back pay, front pay, liquidated damages, compensatory damages, reinstatement, attorneys fees, interest, costs of suit and any other relief the Court deems equitable and just.

**Jury Trial Demanded**

Plaintiff demands a trial by jury of all issues presented.

**The Vigilante Law Firm, P.C.**
By: Allan E. Richardson, Esq., 022411991
99 N. Main St.
Mullica Hill, NJ 08062

*/s/Allan E. Richardson, Esq.*
Allan E. Richardson, Esq.
Date: January 25, 2018

**Complaint, Harris v Clean Harbors Environmental Services, Inc., et al.** 7