Steven J. Luckner, Esq.
Robin Koshy, Esq.
**OGLETREE, DEAKINS, NASH,**
**SMOAK & STEWART, P.C.**
10 Madison Avenue, Suite 400
Morristown, New Jersey 07960
Telephone: (973) 656-1600
Facsimile: (973) 656-1611
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JARON HARRIS, | : Hon. Jerome B. Simandle |
| | : Civ. Action No.: 1:18-cv-01046-JBS-JS |
| Plaintiff, | : |
| | : |
| v. | : **DEFENDANTS' ANSWER AND** |
| | : **SEPARATE DEFENSES TO PLAINTIFF'S** |
| CLEAN HARBORS ENVIRONMENTAL | : **COMPLAINT** |
| SERVICES, INC., ADAM | : |
| MASTRACCHIO, John Does 1-5, | : |
| | : |
| Defendants. | : |

Defendants Clean Harbors Environmental Services, Inc. ("Clean Harbors") and Adam Mastracchio (collectively, "Defendants"), by and through their attorneys, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., by way of Answer to the Complaint of Jaron Harris ("Plaintiff"), states as follows:

1.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and, as such, said allegations are denied.

2.  Defendants deny the allegations contained in Paragraph 2 of the Complaint, except to admit that Clean Harbors is incorporated under the laws of the State of Massachusetts with its principal place of business at 42 Longwater Drive, Norwell, Massachusetts. Defendants

further admit that Plaintiff reported to Clean Harbors' Bridgeport, New Jersey facility, located at 2858 Route 322, Bridgeport, New Jersey.

3. Defendants deny the allegations contained in Paragraph 3 of the Complaint, except to admit that Adam Mastracchio is a resident of the State of New Jersey and that he is employed by Clean Harbors as the General Manager for Clean Harbors' Bridgeport, New Jersey facility.

4. Defendants deny the allegations contained in Paragraph 4 of the Complaint.

5. The allegations contained in Paragraph 5 of the Complaint assert a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 5 of the Complaint, except to admit that Plaintiff purports to bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

6. The allegations contained in Paragraph 6 of the Complaint assert a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 6 of the Complaint, except to admit that Plaintiff purports to bring this action under the FLSA, and that Plaintiff worked for Clean Harbors' Bridgeport, New Jersey facility, located at 2858 Route 322, Bridgeport, New Jersey.

7. The allegations contained in Paragraph 7 of the Complaint assert a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 7 of the Complaint.

8. Defendants admit the allegations contained in Paragraph 8 of the Complaint.

9. The allegations contained in Paragraph 9 of the Complaint assert a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 9 of the Complaint.

10. The allegations contained in Paragraph 10 of the Complaint assert a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 10 of the Complaint.

11. The allegations contained in Paragraph 11 of the Complaint assert a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that Plaintiff was employed by Clean Harbors.

12. Defendants admit the allegations contained in Paragraph 12 of the Complaint.

13. Defendants admit the allegations contained in Paragraph 13 of the Complaint.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint and, as such, said allegations are denied, except to admit that Plaintiff was employed by Clean Harbors as a "Driver Class B Dry."

15. Defendants deny the allegations contained in Paragraph 15 of the Complaint, except to admit that certain employees, including Plaintiff, were required to be on-call every other week.

16. Defendants deny the allegations contained in Paragraph 16 of the Complaint, except to admit that on-call personnel at the Bridgeport, New Jersey location were divided into two teams, Team A and Team B.

17. Defendants admit the allegations contained in Paragraph 17 of the Complaint.

18. Defendants admit the allegations contained in Paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint, except to admit that Plaintiff was on-call every other week except for approved absences, including vacations, or other times he may have rescheduled his on-call shifts.

20. Defendants admit the allegations contained in Paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in Paragraph 22 of the Complaint, except to admit that pursuant to Clean Harbor's on-call policy, it was a violation of the policy to be impaired by alcohol, illegal drugs, or other lawful medication that could impair the employee's ability to safely perform the functions of their job when on-call.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint and, as such, said allegations are denied.

30. Defendants deny the allegations contained in Paragraph 30, including subparagraphs (a) through (d), of the Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint, except to admit that failure to comply with Clean Harbors' on-call policy could result in an employee being disciplined, including but not limited to termination.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint, except to admit that Plaintiff complained generally about his dislike of the on-call policy, but that Plaintiff's complaints did not constitute protected activity.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint, except to admit that Mr. Mastracchio conducted a meeting on August 26, 2016 to discuss Clean Harbors' on-call policy.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint, except to admit that on or about August 10, 2017, Plaintiff's employment with Clean Harbors was terminated for failure to comply with Clean Harbors' policies and procedures.

**COUNT 1 – FLSA**

36. Defendants repeat and reallege their answers to the allegations contained in Paragraphs 1 through 35 as if set forth in full herein.

37. Defendants deny the allegations contained in Paragraph 37 of the Complaint

**COUNT 2 – FLSA**

38. Defendants repeat and reallege their answers to the allegations contained in Paragraphs 1 through 37 as if set forth in full herein.

39. Defendants deny the allegations contained in Paragraph 39 of the Complaint

**COUNT 3 – CEPA**

40. Defendants repeat and reallege their answers to the allegations contained in Paragraphs 1 through 39 as if set forth in full herein.

41. Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of the Complaint.

**WHEREFORE**, Defendants deny that Plaintiff is entitled to judgment on his first, second, or third cause of actions and further deny that Plaintiff is entitled to any of the relief requested in the Wherefore clause of the Complaint.

## SEPARATE DEFENSES

Defendants asserts the following separate defenses, without assuming the burden of proof on any separate defense except as required by law.

### FIRST SEPARATE DEFENSE

The Complaint fails to state a claim upon which relief can be granted as a matter of law.

### SECOND SEPARATE DEFENSE

Plaintiff was an "at will" employee of Clean Harbors, whose employment was subject to termination at any time and for any reason.

### THIRD SEPARATE DEFENSE

All actions taken with respect to Plaintiff's employment, including disciplinary actions and termination, were based upon legitimate, business reasons that were not retaliatory, as determined by Defendants based upon their business judgment and in good faith.

### FOURTH SEPARATE DEFENSE

Plaintiff's claims are barred or limited by the doctrines of waiver, estoppel, laches and/or unclean hands.

### FIFTH SEPARATE DEFENSE

Plaintiff's claim for damages is barred, in whole or in part, by his failure to mitigate damages.

**SIXTH SEPARATE DEFENSE**

Any damages incurred by Plaintiff were not caused or proximately caused by Defendants.

**SEVENTH SEPARATE DEFENSE**

Defendants are not liable for punitive damages under the Conscientious Employee Protection Act because neither Defendants, nor any of their employees, committed any act with malice or reckless indifference to Plaintiff's federally or state protected rights, was complicit in any egregious wrongful conduct, or approved, authorized or ratified, or had actual knowledge, of any such acts.

**EIGHTH SEPARATE DEFENSE**

Adam Mastracchio did not exercise significant control over Clean Harbors' operations, and thus, cannot be individually liable under the FLSA.

**NINTH SEPARATE DEFENSE**

Plaintiff was compensated for all hours worked in excess of 40 hours in any particular workweek at a rate not less than that required by the overtime provisions of the FLSA.

**TENTH SEPARATE DEFENSE**

Plaintiff is not entitled to liquidated damages because, at all times relevant to this action, Defendants acted in good faith in conformity with and in reliance on written administrative regulations, orders, rulings, approvals, and/or interpretations of the United States Department of Labor and New Jersey Department of Labor and had reasonable grounds for believing it did not violate the provisions of the FLSA.

**ELEVENTH SEPARATE DEFENSE**

Plaintiff's claim for punitive damages fails as a matter of law because Plaintiff cannot establish especially egregious conduct by Defendant.

**TWELFTH SEPARATE DEFENSE**

Plaintiff's claims for punitive damages are not cognizable under the FLSA.

**THIRTEENTH SEPARATE DEFENSE**

Plaintiff's claims are barred by his own negligent and/or intentional acts and/or omissions.

**FOURTEENTH SEPARATE DEFENSE**

Plaintiff's claims, or some of them, are barred by the applicable statute of limitations.

**FIFTEENTH SEPARATE DEFENSE**

Plaintiff's claim for punitive damages violates Defendants' rights to procedural and substantive due process under the Fourteenth Amendment to the United States Constitution and under the Constitution of the State of New Jersey.

**SIXTEENTH SEPARATE DEFENSE**

Even if Plaintiff were able to prove that Defendants' actions and decisions were motivated, in part, by unlawful intent, Plaintiff's claims still fail because Defendants would have taken the same actions and made the same decisions irrespective of their alleged unlawful retaliatory intent.

**SEVENTEENTH SEPARATE DEFENSE**

To the extent that Plaintiff engaged in misconduct, violation of Defendants' policies, or other conduct that would have resulted in his discharge from employment or would have precluded him from obtaining employment with Defendants had Defendants discovered such conduct, Plaintiff's recovery is limited and/or barred.

## RESERVATION OF RIGHTS

Defendants reserve the right to later amend this pleading by asserting additional defenses and/or otherwise supplementing this pleading based upon the discovery of more definite or additional facts relative hereto.

**WHEREFORE**, Defendants hereby demand judgment against Plaintiff, dismissing the Complaint in its entirety and with prejudice and awarding to Defendants attorneys' fees, costs, interest, and such other and further relief as the Court deems equitable and just.

Respectfully Submitted,

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**
*Attorneys for Defendants*

By: s/ Steven J. Luckner
Steven J. Luckner, Esq.
Robin Koshy, Esq.
10 Madison Avenue, Suite 400
Morristown, New Jersey 07960
Telephone: (973) 656-1600
Facsimile: (973) 656-1611

Date: April 4, 2018

## DEMAND FOR STATEMENT OF DAMAGES

Pursuant to Rule 8.1 of the Local Rules of the District of New Jersey, Defendants demand a written statement of the amount of damages claimed by Plaintiff within ten (10) days of service of the within Answer.

                                                Respectfully Submitted,

                                                **OGLETREE, DEAKINS, NASH,**
                                                **SMOAK & STEWART, P.C.**
                                                *Attorneys for Defendants*

By:    s/ Steven J. Luckner
           Steven J. Luckner, Esq.
           Robin Koshy, Esq.
           10 Madison Avenue, Suite 400
           Morristown, New Jersey 07960
           Telephone: (973) 656-1600
           Facsimile: (973) 656-1611

Date:  April 4, 2018

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Steven J. Luckner, Esq., counsel for Defendants, certify that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

                              Respectfully Submitted,

                              **OGLETREE, DEAKINS, NASH,**
                              **SMOAK & STEWART, P.C.**
                              *Attorneys for Defendants*

By:    s/ Steven J. Luckner
           Steven J. Luckner, Esq.
           Robin Koshy, Esq.
           10 Madison Avenue, Suite 400
           Morristown, New Jersey 07960
           Telephone: (973) 656-1600
           Facsimile: (973) 656-1611

Date:   April 4, 2018

## **CERTIFICATE OF SERVICE**

I hereby certify that Defendants' Answer and Separate Defenses to Plaintiff's Complaint and this Certificate of Service were electronically filed with this Court, and thereby simultaneously served via ECF upon:

Allen E. Richardson, Esq.
The Vigilante Law Firm, P.C.
99 North Main Street
Mullica Hill, New Jersey 08062
*Attorneys for Plaintiff*

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully Submitted,

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**
*Attorneys for Defendants*

By:  s/ Steven J. Luckner
Steven J. Luckner, Esq.
Robin Koshy, Esq.
10 Madison Avenue, Suite 400
Morristown, New Jersey 07960
Telephone: (973) 656-1600
Facsimile: (973) 656-1611

Date:   April 4, 2018